**In the Matter of William P. McCALL, III, Respondent.**

No. 10S00–1305–DI–388.

Supreme Court of Indiana.

Oct. 24, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On July 1, 2011, Respondent was convicted of public intoxication, a class B misdemeanor. On March 23, 2012, Respondent was convicted of operating while intoxicated endangering a person, a class A misdemeanor. Respondent timely reported both incidents to the Commission.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission. The parties also note that Respondent has been successfully involved with the Indiana Judges and Lawyers Assistance Program ("JLAP") since early 2012.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the attorney's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days beginning on the date of this order, all stayed subject to completion of at least 24 months of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the JLAP agreement, the law, or the Rules of Professional Conduct during his probation.

(2) During his probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances.

(3) If Respondent violates his probation, the stay of his suspension may be vacated and he may be required to actively serve the suspension with or without automatic reinstatement. If Respondent is suspended without automatic reinstatement, Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.